IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jeremy Clay Orr, | ) | Case No. 4:24-cv-01034-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Richland County, Advanced Medical, | ) | |
| Director Crayman J. Harvey, Jermain D. | ) | |
| Gordon, J. Lipscomb, Mr. Rodney, | ) | |
| Correctional Officer Jackson, Lt. Pikney, | ) | |
| Lt. Dupree, Correctional Ofc. Madison, | ) | |
| Lt. Suttle, Cpt. Ligget, Dr. Shafer, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's pro se second amended complaint. ECF No. 33. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On July 25, 2024, the Magistrate Judge issued a Report recommending that this action be partially dismissed. ECF No. 45. Specifically, the Magistrate Judge recommended dismissing Richland County, Advanced Medical, Lt. Suttle, and Cpt. Liggett. Throughout the Report, the Magistrate Judge also recommends dismissal of several of Plaintiff's claims including claims related to nurses not giving care, medication, or changing bandages; inmates taking Plaintiff's food; discrimination; black mold; sleeping on the floor; water backed up in restrooms; limited working toilets; rats; bugs; overcapacity; "white people beaten on"; lack of soap, clean uniforms, or clean blankets; being refused his right to religion; due

process violations; and speedy trial violations. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections.[1] ECF No. 49.

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

In Plaintiff's objections, he states that he does not fully understand the directions of the Magistrate Judge and that he has tried to comply with the Magistrate Judge's orders. ECF No. 49. He states that he agrees with the recommended dismissal of

---

[1] Since the filing of Plaintiff's objections, he has filed several other documents. ECF Nos. 57, 67, 68, 69, 82. The Court has reviewed all of these filings and is of the opinion that they should not be considered as supplemental objections to the Report.

Advanced Medical, Lt. Suttle, and J. Lipscomb with prejudice. *Id.* at 2. He objects to the dismissal of any other Defendant and realleges several of his conditions of confinement claims.

While Plaintiff has consented to some of the recommendations of the Magistrate Judge, out of an abundance of caution for a pro se party, the Court's review of this matter has been de novo. Upon such review, the Court agrees with the Magistrate Judge that Advanced Medical, Lt. Suttle, and J. Lipscomb are subject to summary dismissal.

Plaintiff objects to the dismissal of Richland County pursuant to the Fourth Amendment. ECF No. 49 at 2. As explained in more detail by the Magistrate Judge, Richland County is entitled to Eleventh Amendment immunity. *See, e.g.*, *Alden v. Maine*, 527 U.S. 706, 712–13 (1999). Accordingly, this objection is overruled.

In his objections, Plaintiff also contends that all issues in the jail are "direct[ly] link[ed]" to Director Crayman J. Harvey, J. Lipscomb, and Mr. Rodney. *Id.* While Plaintiff attempts to link his conditions of confinement claims to certain directors, his allegations that there is a "link" between the conditions of confinement and these directors is too broad and conclusory to meet the requirements of Federal Rule of Civil Procedure Rule 8. Plaintiff also mentions his speedy trial rights in his objections. ECF No. 49 at 2. However, his assertion that his speedy trial rights are the responsibility of the Clerk of Court is insufficient to plausibly allege liability. Accordingly, these objections are overruled.[2]

---

[2] With respect to Plaintiff's contention that he does not understand the Magistrate Judge's directions, the Court finds that the Magistrate Judge has thoroughly explained to

3

Accordingly, the Court agrees with the recommendation of the Magistrate Judge. Richland County, Advanced Medical, Lt. Suttle, and Cpt. Liggett are **DISMISSED** with prejudice. Plaintiff's claims related to nurses not giving care, medication, or changing bandages; inmates taking Plaintiff's food; discrimination; black mold; sleeping on the floor; water backed up in restrooms; limited working toilets; rats; bugs; overcapacity; "white people beaten on"; lack of soap, clean uniforms, or clean blankets; being refused his right to religion; due process violations; and speedy trial violations are also **DISMISSED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 11, 2024
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

Plaintiff the deficiencies in his filings. Further, Plaintiff has been given several opportunities to amend his complaint and fix the identified deficiencies. Accordingly, any related objection is overruled.