IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jeremy Clay Orr, | ) | Case No. 4:24-cv01034-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Director Crayman J. Harvey, Jermain | ) | |
| D. Gordon, J. Lipcomb, Mr. Rodney, | ) | |
| Correctional Officer Jackson, Lt. | ) | |
| Pikney, Lt. Dupree, Correctional Officer | ) | |
| Madison, Dr. Shafer, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court for a final order. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On December 16, 2024, Mr. Rodney filed a motion for summary judgment. On December 17, 2024, this Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences for failing to respond adequately. ECF No. 93. Despite this explanation, Plaintiff did not respond the motion for summary judgment. On January 28, 2025, the Magistrate Judge issued a Report recommending that this action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) as to Mr. Rodney. The Magistrate Judge advised the Plaintiff of the procedures and requirements for filing objections to the Report and the

serious consequences for failing to do so.  Plaintiff did not file objections to the Report, and the time to do so has lapsed.[1]

On February 14, 2025, Director Crayman J. Harvey, Jermain D. Gordon, J. Lipcomb, Correctional Officer Jackson, Lt. Pikney, Lt. Dupree, and Correctional Officer Madison filed a motion for summary judgment.  ECF No. 105.  Plaintiff filed a response in opposition, and these Defendants filed a reply.  ECF Nos. 109, 112.  On March 14, 2025, the Magistrate Judge issued a Report recommending that the motion be granted and this action be dismissed for failure to exhaust administrative remedies.  ECF No. 113.  The Magistrate Judge advised the Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so.  Plaintiff did not file objections to the Report, and the time to do so has lapsed.[2]

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  See Mathews v. Weber, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or

---

[1] The Court notes that the Roseboro order was returned as undeliverable and was remailed after the Clerk's Office received a notice of change of address.  ECF No. 102, 103, 104. The Report was also returned as undeliverable, resent, and returned again. ECF Nos. 108, 111, 117.  The Report has been sent to the addresses provided by Plaintiff. He was previously warned that it is his responsibility to keep the court apprised of his current address.  ECF No. 7 at 4.

[2] The Report was returned as undeliverable.  ECF No. 120.  The Court reiterates that Plaintiff's was previously warned that it is his responsibility to keep the court informed of his current address.

modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendations of the Magistrate Judge. Accordingly, this action is **DISMISSED** with prejudice pursuant to Federal Rule of Civil Procedure 41(b) as to Mr. Rodney. Mr. Rodney's motion to for summary judgment [92] is **FOUND as MOOT**. The remaining Defendants' motion for summary judgment [105] is **GRANTED** and the remainder of this action is dismissed without prejudice for failure to exhaust administrative remedies.[3]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

April 14, 2025
Spartanburg, South Carolina

---

[3] While Dr. Shafer has not joined in the motion for summary judgment, the remaining portion of the case, including the portions pertaining to Dr. Shafer, are subject to dismissal for failure to exhaust administrative remedies.